VALARIE MILLER, PLAINTIFF-APPELLANT, v. ESSEX COUNTY WELFARE BOARD *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 7, 1977—Decided June 24, 1977.

Before Judges MATTHEWS, SEIDMAN and HORN.

*Mr. W. Marshall Prettyman,* Rutgers Legal Aid Clinic, argued the cause for appellant.

*Ms. Susan J. Barone* argued the cause for respondents (*Mr. William J. Tamburri,* attorney; *Mr. Guy D. Badami* on the brief).

PER CURIAM. Plaintiff, an employee of the Essex County Welfare Board since July 1969, and also a welfare recipient under the program of Aid to Needy Families and Dependent Children (AFDC) appeals from a judgment entered in the Essex County District Court dismissing her action to re-

cover the sum of $261.30 which the board had deducted from a retroactive pay increase to which she and other employees were entitled, upon a claim that the pay increase had produced an overpayment in welfare benefits.

In the Spring of 1974 plaintiff received part of the retroactive increase in the amount of $1503.16. The board sought to recoup the sum of $553, contending that under existing law it was required to make the deduction in cases of overpayment of benefits resulting from retroactive pay increases received by the client-employee. Plaintiff was notified that her entitlement to welfare benefits was being terminated. She sought and was accorded a fair hearing. It was determined that although a welfare board may adjust assistance allowances where additional income is received by a client, the adjustment would be contingent upon the availability of the money; and since the client here had spent all the money she had received, she could not be compelled to repay and for that reason her grant was improperly terminated.

Before the balance of the retroactive salary increase was scheduled to be paid in December 1974, plaintiff refused the board's request that she sign a reimbursement agreement and asked that she be terminated as a welfare recipient. The board cancelled the grant and also deducted from plaintiff's salary increase an alleged overpayment of $261.36. Plaintiff thereupon filed her complaint in county district court to recover that amount.

In dismissing the complaint the trial judge ruled that the board's action was supported by "[a] fair and reasonable extention of the holding of *Redding v. Burlington Cty. Welf. Bd.*, 65 *N. J.* 439 (1974)," in which the court held (at 446) that "under the New Jersey Assistance for Dependent Children Act and regulations a county welfare board has the right and power to recover overpayments in assistance, except in those cases where the overpayment was the result of administrative error." The trial judge found, further, that the board had not acted arbitrarily in its attempt to protect itself from the consequences of plaintiff's having requested the termina-

tion of her grant, in that if the board had not made the deduction, it would have been forced to sue plaintiff at added cost and expense.

Plaintiff contends on appeal that (1) *Redding* is not applicable to her case since the moneys involved are salary and not welfare benefits and, at the time the welfare benefits were received, she was fully entitled to the amount thereof; (2) she was denied due process in not having received prior notice that the deduction would be made; (3) the repayment could be effected only by her authorization in signing a repayment agreement, and (4) the board's action was also contrary to *N. J. S. A.* 34:11-4.4, which forbids an employer to withhold or divert any portion of an employee's wages under required or empowered to do so by law.

It is questionable that *Redding* supports the board's action here in seeking recoupment of the claimed overpayment by means of a deduction from the retroactive pay increase to which plaintiff was entitled as an employee of the board. In *Redding* the overpayments for which recovery was sought had in each case resulted from a lack of knowledge on the part of the welfare board of the receipt of some type of income by the welfare recipient, or the possession by the recipient of assets which, if known by it, would have reduced or eliminated the monthly grant of public assistance. 65 *N. J.* at 442. The court said (at 443–444) that cases dealing with state provisions allowing recovery of overpayments of AFDC welfare assistance "uniformly support the right of the state to recoup such overpayments, *provided the method of recovery does* not diminish present or future AFDC grants below actual need (emphasis supplied). But the court emphasized that the case involved overpayments of assistance, *i. e.,* public money paid out in *excess* of that permitted by law, in which case the "mere receipt of such money can be said to create an obligation to repay, akin to the common law action in *assumpsit* for money had and received." Id. at 445.

The case of *Bradford v. Juras,* 331 *F. Supp.* 167 (D. Or. 1971), on which defendant also relies, is similarly inapposite.

There the plaintiff-recipient had received a lump-sum income tax refund and had failed to report it to the state welfare agency. The state reduced each grant by 10% in order to recover the funds in installments. The court held (at 169–170) that the state had the authority to "recover client-caused overpayments from both cash reserves and income earned and disregarded pursuant to state regulations."

That no overpayment occurred here is evident from *N. J. A. C.* 10:81–4.23, which provides, in part, that overpayments may occur through administrative error; failure of a client to inform the county welfare board of a change in income, resources or circumstances; or when a client has received continued assistance at an unreduced level pending a fair hearing but has been found ineligible to receive such assistance by the fair hearing decision. Where overpayment results from willful withholding of information by a client, the county welfare board may recoup overpayment from current assistance payments and from available income or resources. In all other cases of overpayment there may be recoupment only when the recipient has available income and resources which exceed the current assistance payment.

Plaintiff in this case did not receive welfare benefits in *excess* of that permitted by law. The board does not contend that the amount awarded to her was not based upon her needs and income at the time, computed pursuant to pertinent schedules. The board, in fact, concedes that it could not have given the client less than the approved standard while the pay increase was pending; that to do so would have been illegal. Its theory is that if the salary increase had been received initially, instead of retroactively, the welfare grant would have been reduced to reflect plaintiff's additional income; consequently, it asserts the right, upon plaintiff's receipt of the pay increase, to recompute the welfare grant retroactively and deduct the overage from plaintiff's pay. Although the board insists that it acted within the law in doing so, it fails to cite any federal or state statute, rule or regulation which contains such authority. We reject as pal-

pably absurd the board's labored explanation that "[t]he fact that the client employee was not sure as to the amount of the retroactive increase or whether she would get the increase, was a failure to give the precise information even though it was through no fault of her own." *N. J. A. C.* 10:81–4.23 clearly does not apply.

Actually, that which the Board sought to recover was not an overpayment of assistance, but a portion of a grant which was in a concededly lawful amount. While the right and power to seek to recoup benefits illegally paid is inherent in the board's delegated authority to administer the welfare program (*Redding, supra*), the board cites no statute or regulation which empowers it to withhold from the salary of an employee who is also a welfare recipient a portion of a retroactive pay increase simply because the amount of the grant might have been less had the increase been received at the outset. The power of the board under existing laws or regulations to have insisted that plaintiff execute a reimbursement agreement in anticipation of the salary increase, or risk the termination of the grant, is not before us and we need not express any view thereon. Nor are we concerned in this appeal with the board's power to have adjusted the amount of future payments to reflect plaintiff's added resources upon the receipt by her of the retroactive salary increase in a lump sum. It is to be noted in this respect that the termination of the grant in December 1974 accomplished the same result.

We are satisfied that on the facts here present the board improperly withheld the sum of $261.30 from plaintiff's retroactive salary increase.

Accordingly, the judgment in favor of defendant is reversed and the matter is remanded for the entry of judgment in favor of plaintiff in the sum of $261.30, together with interest. We do not retain jurisdiction. No costs.